**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FRED W. BOSTON, II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-2032-EFM |
| | ) | |
| **BLUE CROSS AND BLUE SHIELD** | ) | |
| **OF KANSAS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a former Blue Cross employee, alleges that defendant discriminated against him on the basis of age in violation of the ADEA, 29 U.S.C. 621, *et seq.* This matter is before the court on defendant's motion to amend its answer to add an affirmative defense. (Doc. 18). Specifically, plaintiff took certain confidential corporate documents from defendant's premises. Defendant asserts that had it been aware of that conduct, it would have terminated plaintiff. Defendant contends that after-acquired evidence of wrongdoing by plaintiff limits the amount of his claimed damages. Plaintiff opposes the motion, arguing that the proposed amendment is untimely and futile. For the reasons set forth below, the motion shall be GRANTED.

**Analysis**

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

**Futility**

Plaintiff argues that the proposed amendment is futile because he shared the confidential documents with his counsel for the purpose of obtaining legal advice *in opposition to his employer's discrimination.* Relying on a Sixth Circuit "balancing analysis," plaintiff argues that these facts tip the scales of justice in his favor; therefore, termination for disclosing confidential documents would not be warranted and should not be a defense. See

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

Niswander v. Cincinnati Ins., 529 F. 3d 714 (6th Cir. 2008). The difficulty with this argument is that plaintiff relies on facts (the circumstances surrounding the taking and disclosure of documents) which are beyond the pleadings. Additionally, plaintiff concedes that the Tenth Circuit has not addressed the issue of whether the improper taking of documents is excused when done in opposition to discrimination.[2] Under the circumstances, plaintiff has not shown that the proposed amendment is futile as a matter of law.

Plaintiff also argues that the amendment is futile because defendant offers no evidence that defendant *would* have discharged him had it known about the taking of confidential documents. However, defendant is not required to present all of its evidence concerning an affirmative defense in a motion to amend. Plaintiff's futility argument based on a lack of evidence is not persuasive.[3]

**Untimely**

Plaintiff argues that the proposed amendment is untimely because defendant filed its motion on September 11, 2009, after the May 15, 2009 deadline for amendments to the pleadings. Additionally, plaintiff argues that the allegedly misappropriated "documents" were disclosed on April 17, 2009 in plaintiff's initial disclosures. Defendant counters that

---

[2] Addressing legal matters of first impression in this circuit under the aegis of a futility argument creates an unnecessarily complex record. The argument is more appropriately raised in a properly supported dispositive motion *after* the amendment is allowed.

[3] The rejection of plaintiff's futility arguments is without prejudice and the court expresses no opinion concerning the ultimate merits of defendant's affirmative defense.

-3-

the motion is timely because the source of the documents was not clear until plaintiff's deposition testimony on June 19, 2009.[4] Defendant received the deposition transcript on July 13, 2009 and then waited to determine whether plaintiff would attempt to revise his testimony in the errata sheet before moving to amend.

The court agrees that the mere listing of documents in plaintiff's initial disclosures did not provide sufficient notice of "after-acquired" evidence for defendant to meet the May 15, 2009 amendment deadline. The more difficult question is whether defendant, with knowledge of plaintiff's conduct on June 19, should have allowed 84 days to pass before moving to amend on September 11, 2009.[5] Although this case presents a close question, the court will allow the amendment based on the strong federal policy of resolving matters on the merits rather than technicalities. Plaintiff's timeliness objection is rejected and, to avoid any prejudice to plaintiff, the court will extend the October 30, 2009 discovery deadline for the narrow purpose of allowing discovery concerning defendant's "after-acquired knowledge" defense.

**IT IS THEREFORE ORDERED** that defendant's motion to amend its answer (**Doc.**

---

[4] Defendant argues that possession of the documents by plaintiff's counsel did not necessarily mean that plaintiff had taken the documents while employed by Blue Cross. For example, plaintiff's counsel might have acquired the documents from an anonymous source after plaintiff left Blue Cross. According to defendant, the source of the documents was not known until plaintiff's deposition.

[5] Defendant apparently deferred its motion to amend until the time had passed for plaintiff to correct his deposition. Delaying a motion to amend on such grounds is a questionable practice.

- 4 -

**18**) is **GRANTED.** Defendant shall file and serve its amended answer by **November 17th, 2009.**

**IT IS FURTHER ORDERED** that plaintiff's deadline for completing discovery concerning defendant's "after-acquired knowledge" defense is **December 18, 2009.**

Dated at Wichita, Kansas this 10th day of November 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge